UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON, | No. 2:13-cv-1962 DAD P |
| Petitioner, | |
| v. | ORDER |
| DUFFY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

For the reasons discussed herein, the court will dismiss the instant petition for failure to state a cognizable claim for federal habeas corpus relief.[1]

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 4)

1

1    petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254

2    Cases.  See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695

3    F.2d 1195, 1198 (9th Cir. 1983).  The Advisory Committee Notes to Rule 8 indicate that the court

4    may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary

5    dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the

6    answer and petition are considered; or a dismissal after consideration of the pleadings and an

7    expanded record."

## BACKGROUND

Petitioner commenced this action by filing a petition for a writ of habeas corpus in which he asserts two claims:  (1) the Board of Parole Hearings' ("Board") abused its discretion when it summarily denied his request to advance his next parole hearing; and (2) the California Department of Corrections and Rehabilitation ("CDCR") violated the Ex Post Facto Clause by altering the procedure used to calculate his minimum eligible parole date.  (Pet. at 4 & Pet'r's Mem. of P. & A.)

## ANALYSIS

The court will dismiss the instant petition for failure to state a cognizable claim for federal habeas corpus relief.  As to petitioner's first claim regarding the Board's summary denial of his request to advance his next parole hearing, petitioner has not cited any federal authority demonstrating that he did not receive the process he was due, if any, when the Board denied his request.  In fact, District Courts throughout the Ninth Circuit have consistently rejected claims advanced by state prisoners that the Board violates either federal law or any provision of the U.S. Constitution when it denies a petition to advance parole hearings.  See Saffold v. Hill, No. 2:12-cv-3064 JAM DAD P, 2013 WL 6283893 at *1 (E.D. Cal. Dec. 4, 2013) (petitioner's challenge to the Board's decision to deny his request to advance his next parole hearing date fails to state a cognizable claim for federal habeas corpus relief); Sardella-Lagomarsino v. Swarthout, No. 2:12-cv-1866 TLN KJN P, 2013 WL 1628242 at *3 (E.D. Cal. Apr. 15, 2013) ("if due process does not require an evidentiary review of a decision denying parole . . . then there can be no due process right to an evidentiary review of a decision denying a request to advance a suitability hearing.");

Johnson v. Hartley, No. 1:12-cv-02008 LJO SAB (HC), 2013 WL 440990 at *2 (E.D. Cal. Feb. 5, 2013) ("Although there are certain minimal procedural due process protections implicated by a board's decision to deny parole as set forth in the Supreme Court's decision in Swarthout v. Cooke, such decision does not apply to a board's decision not to advance a parole hearing.") (internal citations omitted); Aranda v. Grounds, No. C 12-4578, 2012 WL 5289401 at *2 (N.D. Cal. Oct. 25, 2012) ("petitioner's claims that the Board violated his federal right to due process in denying his application to advance his parole hearing are without merit."); Charity v. Ochoa, CV No. 12-4825 R (AJW), 2012 WL 4471592 at *1 (E.D. Cal. June 15, 2012) ("petitioner's challenge to the Board's decision not to hold his next parole hearing sooner involves only the Board's compliance or non-compliance with state statutes and regulations governing the scheduling of parole suitability hearings, so it does not present a federal question."). The undersigned finds those decisions to be persuasive on the issue and this case is no different than those which resulted in the decisions cited above.

As to petitioner's second claim regarding CDCR altering the procedure used to calculate his minimum eligible parole date, again, petitioner has not cited any federal authority demonstrating that CDCR has violated clearly established federal law. In fact, it appears that petitioner's claim seeks to challenge changes in procedures CDCR made in light of the California Supreme Court decision, People v. Jefferson, 21 Cal. 4th 86 (1999) (holding that the minimum 15-year term of imprisonment required under a criminal street gang provision set the minimum term for a sentence and was not a sentence enhancement).[2] However, "there is no Ex Post Facto Clause violation when prison procedures change, to the prisoner's detriment, in response to an

---

[2] In his second claim for federal habeas relief, petitioner challenges changes in procedures CDCR made as outlined in an August 7, 2000 Instructional Memorandum. Petitioner did not attach the memorandum to his petition filed in this court. At the outset of his petition, however, petitioner explained that he had previously submitted his two claims in another petition filed in this court. In that prior case, the court dismissed the claims and instructed him to file a new action to assert the claims. See Case No. 2:13-cv-08789 CKD. Petitioner attached the August 7, 2000 Instructional Memorandum to the petition filed in his prior case (Pet. at 162-163), which the court has reviewed in order to gain further clarity of petitioner's claims presented herein. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases").

authoritative state court decision correcting an administrative body's previously erroneous application of state law." See Madrid v. Trimble, No. EDCV 12-0962 PSG (SS), 2013 WL 5951971 at *6-*7 (C.D. Cal. Nov. 6, 2013) (rejecting petitioner's claim that CDCR violated the Ex Post Facto Clause when it changed its method for calculating an MEPD because CDCR's changes were dictated by California court decisions) (citing Mileham v. Simmons, 588 F.2d 1279 (9th Cir. 1979)); Holguin v. Raines, 695 F.2d 372 (9th Cir. 1982)).[3]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted;

2. Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is dismissed for failure to state a cognizable claim for federal habeas corpus relief;

3. The court declines to issue a certificate of appealability; and

4. This action is closed.

Dated: August 12, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john1962.156

---

[3] Petitioner's claim also appears to be based on state law and therefore fails to state a cognizable claim for federal habeas corpus review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); see also Drew v. Busby, No. CV 10-5345-AHM (DTB), 2012 WL 2005196 at 6 *7 (C.D. Cal. Apr. 13, 2012) ("This Court is bound by the state court's determination that state law was not violated by the Board and CDCR's calculation of petitioner's minimum eligible parole date.").