UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON, | No.  2:13-cv-1962 DAD P |
| Petitioner, | |
| v. | ORDER |
| DUFFY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 13, 2014, the court dismissed petitioner's petition for a writ of habeas corpus because it failed to state a cognizable claim for federal habeas relief.[1]  (Doc. No. 6) The court  entered judgment on the same day.  (Doc. No. 7)  Pending before the court is petitioner's motion for reconsideration.  (Doc. No. 8)

In his motion, petitioner asks the court to reconsider whether his petition states a cognizable claim under Ex Post Fact Clause.  In petitioner's view, he has established that the California Department of Corrections and Rehabilitation ("CDCR") violated the Ex Post Facto Clause by altering the procedure used to calculate his minimum eligible parole date.  (Pet'r's Mot. for Recons. at 1-2.)

---

[1] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (Doc. No. 4)

1

1   Petitioner's motion fails to show that he is entitled to relief.  Petitioner contends that he is
2   entitled to relief under Love v. Fitzharris, 460 F.2d 382 (9th Cir. 1972), vacated as moot, 409 U.S.
3   1100 (1973).  However, as an initial matter, petitioner is advised that not long after the Ninth
4   Circuit Court of Appeals issued its decision in Love, the United States Supreme Court vacated the
5   judgment in that case and remanded the case back to the Ninth Circuit with directions to dismiss
6   the case as moot.  See Fitzharris v. Love, 409 U.S. 1100 (1973).  Moreover, since the Ninth
7   Circuit decided Love, it has clarified that a prisoner does not have a "vested right" under the Ex
8   Post Facto Clause of the Constitution in erroneous interpretations of the law.  Mileham v.
9   Simmons, 588 F.2d 1279, 1280 (9th Cir. 1979).  In this regard, the Ninth Circuit has
10  "distinguished between a change in an administrative interpretation of state law made by the
11  agency itself, such as that found in Love v. Fitzharris, and a court decision authoritatively
12  construing state law."  Holguin v. Raines, 695 F.2d 372, 374 (9th Cir. 1982).  In the latter case, as
13  here, the Ninth Circuit has held that the Ex Post Facto Clause by its own terms does not apply.
14  See id. (citing Mileham, 588 F.2d at 1280).  See also Madrid v. Trimble, No. EDCV 12-0962
15  PSG (SS), 2013 WL 5951971 at *6-*7 (C.D. Cal. Nov. 6, 2013) (rejecting petitioner's claim that
16  CDCR violated the Ex Post Facto Clause when it changed its method for calculating an MEPD
17  because CDCR's changes were dictated by California court decisions).  Once more, petitioner has
18  not established that CDCR has violated clearly established federal law, and therefore, petitioner is
19  not entitled to relief.
20      Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration
21  (Doc. No. 8) is denied.
22  Dated:  March 25, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john1962.motr