UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSHAY JOHNSON,<br><br>   Petitioner,<br><br>  v.<br><br>DUFFY,<br><br>   Respondent. | No. 2:13-cv-1962 DAD P<br><br>ORDER |

  Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Ninth Circuit Court of Appeals has remanded this case to the district court for the limited purpose of granting or denying a certificate of appealability.

  By way of background, on August 13, 2014, this court dismissed petitioner's petition for a writ of habeas corpus because it failed to state a cognizable claim for federal habeas corpus relief.[1] (Doc. No. 6) Specifically, the court found that petitioner failed to state a cognizable claim for federal habeas relief based on the California Board of Parole Hearings' alleged summary denial of his request to advance his next parole hearing. (Id.) This court also found that petitioner failed to state a cognizable claim for federal habeas relief under the Ex Post Facto Clause based on the California Department of Corrections and Rehabilitation ("CDCR") alleged

---

[1] Petitioner has previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. No. 4)

1

altering the procedure used to calculate his minimum eligible parole date. (Id.) In the order dismissing the petition, the court declined to issue a certificate of appealability. (Id.) The court entered judgment on the same day. (Doc. No. 7) Subsequently, petitioner filed a motion for reconsideration of the court's order of dismissal with respect to his claim brought under the Ex Post Facto Clause. (Doc. No. 8) On March 26, 2015, this court denied petitioner's motion for reconsideration. (Doc. No. 9) Petitioner has appealed this court's denial of his motion for reconsideration.

The court declines to issue a certificate of appealability in this case. Specifically, petitioner has not made "a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473 (2000) (internal quotations omitted). As discussed in the court's order denying petitioner's motion for reconsideration, the Ninth Circuit Court of Appeals has made clear that a prisoner does not have a "vested right" under the Ex Post Facto Clause of the Constitution in erroneous interpretations of the law. See Mileham v. Simmons, 588 F.2d 1279, 1280 (9th Cir. 1979). In this regard, petitioner's Ex Post Facto claim based on changes CDCR made to MEPD procedures in light of a California Supreme Court decision does not state a cognizable claim for federal habeas corpus relief.

Accordingly, IT IS HEREBY ORDERED that:

1. The court declines to issue a certificate of appealability in this case; and

2. The Clerk of the Court is directed to serve a copy of this order on the Ninth Circuit Court of Appeals.

Dated:  June 8, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
john1962.coa

2